## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIPCO TRANSPORT, INC, <br><br>                 Plaintiff, <br> v. <br><br> THE ROLL-ON ROLL OFF COMPANY, LLC d/b/a THE RORO COMPANY, <br><br>                 Defendant. | CIVIL ACTION No. <br><br> COMPLAINT |

Plaintiff, Shipco Transport, Inc., having a place of business at 80 Washington Street, Hoboken, NJ by way of complaint against the defendant, says:

### JURISDICTION AND VENUE

1. Subject matter jurisdiction herein is based on the Court's Maritime Jurisdiction, and particularly, F.R.C.P. 9(h), 28 U.S.C. §1333 and 46 U.S.C. 30701, et. seq.

2. The parties hereto, or their agents and/or authorized representatives were all parties to a certain bill of lading for the transport of cargo by international ocean freight, which designated The U.S. District Court for the Southern

District of New York as the forum for disputes thereunder, making this Court proper for both personal jurisdiction and venue.

## THE PARTIES

1. Plaintiff Shipco Transport, Inc. ("Shipco") is a corporation organized and existing under the laws of the State of New Jersey having its primary operating office at 80 Washington Street, Hoboken, NJ 07030.

2. Shipco is in the business of providing shipping, freight, and logistics services, and is a licensed by the Federal Maritime commission ("FMC") as a non-vessel operating common carrier ("NVOCC") and ocean freight forwarder ("OFF") by the Federal Maritime Commission.

3. Defendant The Roll On Roll Off Company, LLC d/b/a The Roro Company ("Roro") is a limited liability company organized and existing under the laws of the State of Florida having a place of business at 7450 Dr. Phillips Blvd., Suite 310, Orlando, FL 32819.

4. Roro is licensed by the Federal Maritime Commission as an ocean freight forwarder ("OFF") bearing license number 016185.

## FACTS COMMON TO ALL COUNTS

5. On or about October 20, 2019, Roro, in the capacity of a licensed freight forwarder, nominated and booked certain cargo comprised of heavy equipment, such as forklifts and generator(s) for shipping with Shipco, as

directed by Hood Blue, S.A., a foreign entity not located in the United States, through the Port of Baltimore, MD, with the ultimate destination being Iquique, Chile, bearing Bill of Lading/Booking Number 10530838.

6. This shipment was booked for transit to Chile on the Maersk Gateshead.

7. On or about October 27, 2019, Roro, in the capacity of a licensed freight forwarder, nominated and booked certain cargo comprised of machinery and machine parts for shipping with Shipco, as directed by Hood Blue, S.A., a foreign entity not located in the United States, through the Port of Baltimore, MD, with the ultimate destination being Iquique, Chile., and bearing Bill of Lading/Booking Number 10538250. Collectively, both shipments shall be referred to herein as "The Cargo".

8.  This second shipment was booked for transit to Chile on the Dublin Express.

9. The Cargo in both shipments was consigned to Swisscorp Import and Export, S.A.("Swisscorp"), a foreign entity alleged to be located in Bolivia.

10.   Saco Shipping, S.R.L. ("Saco"), a foreign entity also located in Bolivia was listed as the "notify" party, to whom notice of arrival of the cargo, on both shipments, was to be given.

11.   Both the Maersk Gateshead and the Dublin Express arrived in Chile on schedule on schedule and the "notify" party was duly notified of both arrivals by formal "Arrival Notice".

12.   The issuance of said Arrival Notice triggered the obligation to claim The Cargo, have the same clear customs, and transported out of the port.

13.   All responsible parties failed to timely do so.

14.   Shipco engaged in numerous, repetitive and ongoing efforts to attempt to get all responsible parties cited herein to claim The Cargo as required.

15.   As a result of the failure of all responsible parties to timely claim The Cargo, additional carrier and port charges, accrued, including, without limitation, demurrage and detention charges.

16.   Roro ultimately disclaimed responsibility for The Cargo.

17.   Efforts were thereafter undertaken to get Roro to abandon The Cargo, a process which allows the port and shipping line to dispose of it without liability to the owner for its loss.

18.   Shipco used its best efforts to mitigate its damages and induced Hamburg Sud to reduce its demurrage and detention fees substantially, and a 50% credit was applied.

19.   Nonetheless, not all charges were able to be abated.

20.   As a result of the foregoing contract of carriage and abandonment of The Cargo, there remains due owing and unpaid the sum of at least $130,000.00 USD for detention, demurrage, and related handling.

21.     Under the Terms and Conditions of Shipco's Bill of lading, liability for

such charges is found at Sec. 14 thereof, which provides:

> Without limiting Merchant's other indemnity obligations herein,
> Merchant agrees to fully indemnify and hold harmless Carrier
> against all claims or liabilities or damages or costs or expenses or
> duties, taxes or fines or penalties or imposts and any demands or
> charges or fees (including but not limited to attorneys' fees) or
> expenses, of whatsoever kind, nature or amount and whether
> direct or indirect, arising or in connection with and without
> limitation from: (i) any Merchant's breach of any applicable law or
> obligation or contract or undertaking or warranty or guarantee or
> representation or any provision of this Bill including but not
> limited to any resultant loss or damage or delay to any property
> whatsoever or the environment, or death or injury, or (ii) any cause
> whatsoever for which Carrier is not responsible or liable, or (iii)
> any liability whatsoever which exceeds Carrier's liability under this
> Bill, or (iv) related to Services for Livestock, or (v) any act or error
> or omission whatsoever of Merchant.

22.     The term "Merchant" is a defined term within the terms and Conditions,

which provides:

> The shipper, the consignee, the receiver of the Goods, the holder of
> this Bill, any Person owning or entitled to the possession of the
> Goods or this Bill, any Person having a present or future interest in
> the Goods or Bill or any Person acting on behalf of any of the
> foregoing Persons.

23.     Roro is a "Merchant" under the terms and Conditions of the Bill of

Lading, as that term is defined therein, as set forth above.

24.   Under the terms and conditions, all Merchants are responsible for
all freight and subsequent charges, including, without limitations,
demurrage and detention.

25.   Accordingly, Roro is independently liable for the whole of the charges
that are due, owing and unpaid.

26.   Further, the terms and condition provide that each merchant is
responsible for interest at 6% per annum of all charges and attorney's fees
as a result of all non-payments.

27.   These additional sums shall also be due at the time of judgment.

28.   There remains due, owing and unpaid the sum in excess of $130,000.00,
which has now accrued various interest and collection fees in accordance
with contract.

29.   Payment has been demanded and has not been made.

## SECOND COUNT

30.   Shipco incorporates by reference the allegations of the First Count as if
set forth herein at length.

31.   Shipco sues Roro for goods sold and delivered and/or services rendered
by the plaintiff to the defendant upon the promise by the defendant to pay
the agreed amount for said goods and/or services.

32.    There remains due, owing, and unpaid the sum in excess of $130,000.00, which has now accrued various interest and collection fees in accordance with contract.

33.    Payment has been demanded and has not been made.

THIRD COUNT

34.    Shipco incorporates by reference the allegations of the First Count and Second Count as if set forth herein at length.

35.    Shipco sues Roro for the reasonable value upon the promise of the defendant(s) to pay a reasonable price for goods sold and delivered and/or services rendered,

36.    Payment has been demanded and has not been made.

FOURTH COUNT

37.    Shipco incorporates by reference the allegations of the First Count, Second Count, and Third Count as if set forth herein at length.

38.    Roro contracted with Shipco for shipping and related services in and for all related charges.

39.    Roro has received all due consideration but has refused to comply with its contractual obligations.

40.    Roro has thereby breached its contract with Shipco.

41.   As a direct and proximate result of said breach, Plaintiff has been profoundly damaged.

FIFTH COUNT

42.   Shipco incorporates by reference the allegations of the First Count, Second Count, Third Count and Fourth as if set forth herein at length.

43.   The Bill of lading constitutes a contract of carriage.

44.   Roro, individually and through their respective authorized agents, contracted for shipping and related services as set forth herein.

45.   Roro has received all due consideration but have refused to comply with its contractual obligations.

46.   Roro has thereby breached its contract with Shipco.

47.   As a direct and proximate result of said breach, Shipco has been profoundly damaged.

48.   Shipco is now due all damages, included attorneys' fees and interest, as a result of the breach of said contract of carriage.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A) As and for the First Count, Shipco demands judgment against the defendants for in excess of $130,000, together with contract interest, costs of suit and reasonable attorney's fees;

B) As and for the Second Count, Shipco demands judgment against the defendants for in excess of $130,000, together with contract interest, costs of suit and reasonable attorney's fees;

C) As and for the Third Count, Shipco demands judgment against the defendants for in excess of $130,000, together with contract interest, costs of suit and reasonable attorney's fees;

D) As and for the Fourth Count, Shipco demands judgment against the defendants for in excess of $130,000, together with contract interest, costs of suit and reasonable attorney's fees;

E) As and for the Fifth Count, Shipco demands judgment against the defendants for in excess of $130,000, together with contract interest, costs of suit and reasonable attorney's fees;

F) For Costs of Suit; and

G) For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: New York, NY                    /s/ *Marlo J. Hittman*
  May 3, 2022                          Marlo J. Hittman (MH 2330)
                                         99 Hudson Street, Fifth Floor
                                         New York, NY 10013
                                         973-751-7000(ph)
                                         973-751-7066(fax)
                                         201-264-3850 (c)
                                         E: marlo@hittmanlaw.com
                                         Counsel for Plaintiff